UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 12-0848 LB |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO DISMISS** |
| MICHELLE CASWELL, | |
| Defendant. | [Re: ECF No. 5] |
| _____/ | |

## INTRODUCTION

Defendant Michelle Caswell challenges the 20-month delay between her April 2011 arrest and citation for DUI and other petty offenses and the government's filing of formal charges in December 2012. For the reasons stated below, the court denies the motion to dismiss.

## STATEMENT

On April 15, 2011, United States Park Police arrested (and then charged by petty offense citation) Ms. Caswell with driving under the influence of alcohol, driving with a .BAC at .08 or more, and other petty offenses. Wolf Decl., ECF No. 8-1, Ex. A, bates 0028 to 0029.[1] The citations ordered Ms. Caswell to appear at the federal building at 450 Golden Gate Avenue at 9:30 a.m. on

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document.

ORDER CR 12 00848 LB

July 15, 2011. *Id.* That day was a Friday. Ms. Caswell was cited and released based on signed promises on the citations to appear on July 15. *Id.*; Caswell Decl., ECF No. 4, ¶ 13.

After these citations, and by May 13, 2011, Ms. Caswell's lawyer, Lawrence Murray, tried to figure out the status of her citations by writing to the court about the July 15 date. Ex. 1, Murray Decl., ECF No. 4-1. The clerk told Mr. Murray that the calendar had not been generated yet by the Central Processing Bureau (also known as the Central Violations Bureau or CVB) in Texas and to wait until a notice of the appearance was generated. *Id.* Magistrate Judge James's courtroom deputy said that Ms. Caswell had to show up in court on July 15 (as the citation directed). Murray Decl., ECF No. 4, ¶ 11. Mr. Murray contacted the court and the U.S. Attorney's Office more times during this period. *Id.* ¶¶ 12-15. The clerk found nothing in the computer about the case. *Id.* ¶ 15.

Ms. Caswell, who lives in Hawaii, flew to California and came to court on Friday, July 15, 2011 (as she had promised to do when she signed the citations). Caswell Decl., ECF No. 3, ¶¶ 30, 33. At 9 a.m., she and Mr. Murray went from courtroom to courtroom to courtroom on the 15th floor, but her case was not listed on any of the calendars. *Id.* ¶ 33; Murray Decl., ¶¶ 19-22. Judge James's courtroom deputy told her that there was no case calendared that date, that the court did not hold arraignments on petty offense citations on Fridays, and that she should go to the U.S. Attorney's office. Caswell Decl. ¶ 35. At the March 28, 2013 hearing, the parties agreed that the court could take judicial notice of the fact that the court holds regularly-scheduled petty offense calendars on Thursdays.

Ms. Caswell and Mr. Murray went to the U.S. Attorney's office and explained the situation. Caswell Decl., ¶¶ 36-37; Murray Decl., ¶ 5. Ms. Caswell and her attorney asked for the opportunity to go forward on the case while it was fresh. *Id.* ¶ 48. Among other things, Shannon Roy and Loleena Aunari (probably law clerks for the U.S. Attorney's Office) told them that they had not reviewed the file and that "as a matter of practice they usually wait approximately 2 to 3 years before they proceed forward in a case" and that "she was not willing to advance our case so that we may proceed at that time." Murray Decl. ¶ 25.

The United States Attorney charged Ms. Caswell formally with the DUI and .08 charges by misdemeanor information filed on December 4, 2012. ECF No. 1. Her initial appearance in

magistrate court was January 8, 2013.  *See* docket entry.  Ms. Caswell received discovery from the government that included her receipts from the evening of April 15, 2011.  Caswell Decl., ¶ 22 & Ex. 4 (incident report shows receipts taken); Wolf Decl., ECF No. 8-1, Ex. A (same).  The arresting officer booked them that night as evidence.  Caswell Decl., ¶ 22 & Ex. 4.  The officer took her only copy, and she did not have access to it again until she received discovery.  *Id.* ¶ 24.  In January 2013, she went to the restaurant, talked to the manager, found out that no one named Amy worked there, and heard from the manager that he could not help her find Amy.  *Id.* ¶¶ 92-93.  Amy was the server and could have talked about how much Ms. Caswell drank (the three drinks on the receipt) over what period of time (allegedly three hours), and whether Ms. Caswell appeared intoxicated.  *Id.* ¶ 94.

Also, in January 2013, Ms. Caswell and Mr. Murray went to the intersection where Ms. Caswell was arrested.  *Id.* ¶ 99.  The scene does not match what the report describes.  *Id.* ¶ 100.  For example, there are no double yellow lines, and if there were any on April 15, 2011, they have worn down and disappeared.  *Id.* ¶ 100.  Had the case been pursued on July 15, 2011, Ms. Caswell could have taken pictures to show what the intersection looked like at the time of her arrest.  *Id.* ¶ 102.  The 20-month delay in prosecuting the case not only hurt Ms. Caswell's ability to investigate her case, but also has caused her stress, financial strain (in the form of lost jobs and the costs of flying back and forth including for the unnecessary July 15, 2011 court date), and damage to her marriage.  *Id.* ¶¶ 56- 62.

## ANALYSIS

Ms. Caswell argues that the 20-month delay from arrest to the filing of formal charges violates (I) Federal Rule of Criminal Procedure 5(a)'s requirement that she be brought before a magistrate judge "without unnecessary delay," (II) Rule 48(b)'s proscription against unnecessary delay in filing an information against her; and (III) her constitutional rights surrounding the delay in her prosecution.

**I.  RULE 5(a)**

Federal Rule of Criminal Procedure 5(a) requires an arresting officer to bring an accused before a federal magistrate judge "without unnecessary delay."  Ms. Caswell was cited and released within four hours.  Rule 5(a) does not apply.

**II.  RULE 48(b)**

ORDER CR 12 00848 LB    3

Rule 48(b) is limited to post-arrest situations. *See United States v. Corona-Verbera*, 509 F.3d 1105, 1114 (9th Cir. 2007). Again, Ms. Caswell was cited and released.

### III. CONSTITUTIONAL ARGUMENTS

The Speedy Trial Act does not apply to the Class B misdemeanors charged in this case. 18 U.S.C. § 3172(2). Nonetheless, the Sixth Amendment, the Due Process Clause, and federal statutes of limitations protect defendants from delays in prosecution.

The Sixth Amendment's right to a speedy trial attaches at arrest or formal charge, whichever comes first. *See United States v. Marion*, 404 U.S. 307, 313, 320 (1971). The government argues that Ms. Caswell was not charged formally until it filed the information in December 2012 and that before that, she was just cited and released. Govt. Opp., ECF No. 8, at 7. In support of its conclusion, it cites *United States v. Boyd*, 214 F.3d 1052, 1055 (9th Cir. 2000), which held that the issuance of a violation notice was not a formal charge. But that case involved a Class A misdemeanor, which can proceed only on an indictment, information, or complaint. *See* Fed. R. Crim. P. 58(b). By contrast, the petty offenses here may proceed on citations or a violation notice. *See id*.

Regardless of whether the delay is pre-accusation or post-accusation, Ms. Caswell does not show either a due process violation or Sixth Amendment violation.

As to the due process challenge to pre-accusation delay, federal statutes of limitations are the primary safeguards. *See Marion*, 404 U.S. at 322; *Corona-Verbera*, 509 F.3d at 1113. There is no violation of the statute of limitations here. Still, the fact that there is no violation of the statute of limitations is not dispositive: the due process clause has a "limited role to play in protecting against oppressive delay." *United States v. Lovasco*, 431 U.S. 783, 789 (1977).

Nothing shows the kind of intentional delay by the government that would establish a due process violation. *See United States v. Gouveia*, 467 U.S. 180, 192 (1984)*; Marion*, 404 U.S. at 324-25 (no due process violation because the defendant did not show that the government's delay was an intentional device employed to gain a tactical advantage or to harass the defendant); *United States v. Santana*, 526 F.3d 1257, 1261 (9th Cir. 2008); *Corona-Verbera*, 509 F.3d at 1113.

Even if Ms. Caswell could show intentional delay to gain an advantage or harass, she has not

shown actual and substantial prejudice. Establishing prejudice is a "heavy burden that is rarely met." *Corona-Verbera*, 509 F.3d at 1111 (quotation omitted). Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice. *See id.* Ms. Caswell must show that the lost testimony, witnesses, or evidence "meaningfully has prejudiced [her] ability to defend" herself and must demonstrate by definite and non-speculative evidence how the loss of a witness or evidence is prejudicial. *Id.* She has not done that. *United States v. Bater*, 594 F.3d 51, 54 (1st Cir. 2010) (rejected claim about four-year delay in part because it was based on conjecture about witness availability); *Corona-Verbera*, 509 F.3d at 1113 (rejecting similar conjectures as insufficient).

If the Sixth Amendment applies, courts apply the four factors in *Barko v. Winger*: (1) length of the delay; (2) reason for delay; (3) whether, when, and how the defendant asserted the speedy trial right; and (4) whether the defendant was prejudiced by the delay. *See* 407 U.S. 514, 534 (1972). Delay in excess of a year is presumed prejudicial. *Doggett v. United States*, 505 U.S. 647, 652 (1992). In the Ninth Circuit, presumptive prejudice is not dispositive and instead is part of the mix of relevant facts. *See United States v. Gregory*, 322 F.3d 1157, 1162 (9th Cir. 2003). The prejudice that Ms. Caswell asserts here is not the type of impairment to her defense that would establish prejudice. *See Corona-Verbera*, 509 F.3d at 1113.

## CONCLUSION

The court DENIES Ms. Caswell's motion to dismiss. This disposes of ECF No. 5.

**IT IS SO ORDERED.**

Dated: April 11, 2013

LAUREL BEELER
United States Magistrate Judge